[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The pro se petitioner appeals to the Superior Court from a decision of the Board of Review, dated May 5, 1992. The Board adopted the conclusions previously reached by the Referee; that the petitioner was ineligible for benefits pursuant to Section31-230 of the General Statutes.
The essential facts of this matter are not in dispute. Petitioner's last day of work relevant to this claim was August 15th of 1986, the date he was injured on the job. He had no other employment since that date, and was on workmen's compensation until June of 1991. He underwent surgery and required further treatment during that period. Petitioner's last work calendar quarter was more than (12) calendar quarters prior to the fourth quarter of 1991, when petitioner initiated his claim for unemployment compensation. See Decision ofAppeals Referee/Findings of Fact, March 6, 1992.
The Referee applied Section 31-230 of the general statutes
to these facts and found the petitioner ineligible for unemployment compensation, since his last work calendar quarter placed him, clearly, outside the parameters of the statute.
Petitioner argues that he could not apply for unemployment CT Page 8704 compensation while his medical treatment continued and he was unable to work; then, when the treatment was concluded, he was barred by the time limitations of Section 31-230. He further argues that the legislature did not intend such a limitation to apply to such circumstances as his; but, rather, intended there to be more flexibility to the statute.
Though this court is sympathetic to petitioner's concerns, and notes that petitioner's claim falls into an apparent "gap" between the operation of workmen's compensation and unemployment compensation which warrants legislative attention, there is no authority to support his position. Pursuant to Section 31-230,
the petitioner, simply, does not satisfy the monetary eligibility requirements of the Act, and, therefore, cannot qualify for unemployment benefits. The rights to unemployment compensation were created by statute and subject to the limitations of the same. Only the legislature can "carve out" exceptional circumstances to the operation of the Act. Furthermore, this court interprets a statute according to its plain and ordinary meaning. When the language is clear and unambiguous, as is the case here, the court assumes the language expresses the legislature's intent. Glastonbury Education Assn.v. Freedom of Information Commission, 35 Conn. App. 111,117 (1994).
"The trial court's standard of review with regard to administrative appeals is limited. `Such appeals are heard by the court upon certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached.' . . . `The court's ultimate duty is to decide only whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion.' (Citations omitted.)" Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626 (1994).
In light of the evidence, this court finds that the board did not act unreasonably, arbitrarily, illegally, or in abuse of its discretion.
For the foregoing reasons the appeal is dismissed. CT Page 8705
FASANO, J.